**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| FF FUND I, L.P., | Case No. 19-22744-BKC-LMI |
| F5 BUSINESS INVESTMENT PARTNERS, LLC, | Case No. 20-10996-BKC-LMI |
| | |
| Debtors. | (Jointly Administered Under Case No. 19-22744-BKC-LMI) |
| _____/ | |
| | |
| SONEET R. KAPILA not individually but as Liquidating Trustee of the FF FUND LIQUIDATING TRUST and the F5 LIQUIDATING TRUST, | ADV. NO. |
| | |
| Plaintiff, | |
| v. | |
| | |
| DIMENSION CAPITAL MANAGEMENT LLC, a Florida limited liability company, | |
| | |
| Defendant. | |
| _____/ | |

**ADVERSARY COMPLAINT TO AVOID AND**
**RECOVER FRAUDULENT TRANSFERS TO INSIDERS**

SONEET R. KAPILA, as Liquidating Trustee (the "Trustee" or "Plaintiff") of the FF

FUND LIQUIDATING TRUST (the "FF Fund Trust") as successor to FF FUND I, L.P. (the "FF

Fund Debtor") files this Adversary Complaint against DIMENSION CAPITAL

MANAGEMENT LLC a Florida limited liability company ("Dimension" or the "Defendant"), to

avoid and to recover direct and/or indirect fraudulent transfers made to the Defendant and for

other relief pursuant to Sections 544, 548, and 550 of Title 11 of the United States Code (the

"Bankruptcy Code"), Chapter 726 of the Florida Statutes, Rule 7001, et seq. of the Federal Rules

of Bankruptcy Procedure and federal common law, and says:

### THE PARTIES, JURISDICTION AND VENUE

1.    On September 24, 2019 (the "Petition Date"), the FF Fund Debtor filed a voluntary petition for reorganization (the "FF Fund Bankruptcy Case") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2.    On January 24, 2020, the F5 Debtor filed a voluntary petition for reorganization (the "F5 Bankruptcy Case") under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the FF Fund Bankruptcy Case and the F5 Bankruptcy Case are collectively referred to herein as the "Bankruptcy Cases").

3.    On February 1, 2021, the Debtors filed the *Debtors' First Amended Chapter 11 Plan of Reorganization Proposed by FF Fund I, L.P.* [ECF No. 246] and *First Amended Chapter 11 Plan of Reorganization Proposed by F5 Business Investment Partners, LLC* [ECF No. 247].

4.    On February 16, 2021, the Bankruptcy Court entered its *Amended Order (I) Approving Second Amended Disclosure Statement; (II) Setting Hearing on Confirmation of the Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligation*s [ECF No. 262] (the Disclosure Statement Order"), which Disclosure Statement Order approved the *Second Amended Disclosure Statement for First Amended Chapter 11 Plans of Reorganization Proposed by FF Fund I, L.P. and F5 Business Investment Partners, LLC* [ECF No. 256] (the "Disclosure Statement").

5.    On May 18, 2021, the Debtors filed (i) a *Second Amended Chapter 11 Plan of Reorganization Proposed by FF Fund I, L.P.* [ECF No. 468], and (ii) a *Second Amended Chapter 11 Plan of Reorganization Proposed by F5 Business Investment Partners, LLC* [ECF No. 469]

(collectively, the "Second Amended Plans").

6.      On June 4, 2021, the Bankruptcy Court entered its Order Confirming the Second Amended Plans [ECF No. 494] (the "Confirmation Order").

7.      Pursuant to the Second Amended Plans and the Confirmation Order, (i) the FF Fund Liquidating Trust and the F5 Liquidating Trust were created and all property of the respective bankruptcy estates of the FF Fund Debtor and the F5 Debtor was transferred to the FF Fund Liquidating Trust and the F5 Liquidating Trust respectively (collectively, the "Liquidating Trusts"), and (ii) the Trustee was appointed as the liquidating trustee for each of the Liquidating Trusts.

8.      Pursuant to the terms of the Second Amended Plans and the Confirmation Order, the Trustee has been vested with the right to investigate, commence and/or prosecute any and all claims and causes of action that exist or may exist in favor of the FF Fund Debtor and the F5 Debtor, the Liquidating Trusts and their respective bankruptcy estates against any person or entity under any applicable state law, federal law and/or bankruptcy law, whether statutory and/or common law, including, without limitation, to recover transfers of monies or property under Chapter 5 of the Bankruptcy Code.

9.      Plaintiff SONEET R. KAPILA is the Trustee of the FF Fund Liquidating Trust with his principal place of business in Fort Lauderdale, Florida.

10.     Defendant DIMENSION CAPITAL MANAGEMENT, LLC is a Florida limited liability company with its principal place of business in Coral Gables, Florida.

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

12.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

13.     The Trustee consents to the entry of final orders and judgments by the Bankruptcy

Court.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

FACTS SUPPORTING THE CLAIMS

A.     History[1] of the FF Fund Debtor and the F5 Debtor

15.     The FF Fund Debtor was a pooled investment vehicle with its principal place of

business in Miami, Florida. A pooled investment vehicle is one in which funds from multiple

investors are pooled for purposes of making investments and returns from such investments are

distributed to those investors based on their respective capital contributions. As of the Petition

Date, the FF Fund Debtor had 113 limited partners (collectively, the "Limited Partners").

16.     Mr. Franzone formed the F5 Debtor on April 22, 2014, under the name Farrell

Franzone Investments, LLC, as a single-member Delaware limited liability company with its

principal place of business in New York, New York.  On March 15, 2016, Mr. Franzone changed

the entity's name to F5 Business Investment Partners, LLC.

17.     Mr. Franzone owned 100% of the membership interests in the F5 Debtor from its

inception.  Mr. Franzone was also the manager of the F5 Debtor.

18.     In December 2014, the FF Fund Debtor issued a private placement memorandum

(the "PPM") seeking to raise $25 million and offered limited partnership interests in return.

19.     Under the Third Amended and Restated Limited Partnership Agreement, dated

December 12, 2013, for the FF Fund Debtor (the "Limited Partnership Agreement"), Limited

Partners had the right to make partial or complete withdrawals from their respective capital

---

[1] Prior to the Petition Date, the FF Fund Debtor was controlled by Andrew Franzone, who is the managing member of FF Management.  Since their respective Petition Dates, through and including the Effective Date of the Second Amended Plans, Soneet R. Kapila, as chief restructuring officer, controlled the Debtors.

accounts.  In order to do so, a Limited Partner was required to provide a redemption notice to FF

Fund Management, LLC ("FF Management") (as the general partner) setting forth the amounts

the Limited Partner sought to withdraw (each a "Redemption Notice").  Once a Redemption

Notice has been issued under the Limited Partnership Agreement by a Limited Partner, the FF

Fund Debtor has an obligation to honor such redemption, which obligation would become a debt

of the FF Fund Debtor.

20.      Upon information and belief, several Limited Partners either issued or attempted

to issue Redemption Notices in the latter part of 2018 through and into 2019.

21.      On July 17, 2019, the largest Limited Partner in the FF Fund Debtor, the Linden

West Trust (the "LW Trust") through Dennis S. Hersch ("Hersch") as trustee, which had

invested $27.5 million into the FF Fund Debtor, issued a request to the FF Fund Debtor for the

books and records of the FF Fund Debtor.

22.      On July 25, 2019, the FF Fund Debtor, through its general partner FF

Management, announced a wind down of the FF Fund Debtor and started the wind down

process, a process that the FF Fund Debtor projected would take approximately three years due

to the illiquid nature of many of the investments in the FF Fund Debtor's portfolio.

23.      Shortly thereafter, on August 6, 2019, Hersch, as trustee of the LW Trust, brought

an action against the FF Fund Debtor in Delaware Chancery Court seeking, among other things,

dissolution of the FF Fund Debtor and the appointment of a liquidating agent/trustee over the FF

Fund Debtor.

24.      The LW Trust also issued its own Redemption Notice seeking the return of its

capital account.

25.      As a result of the Delaware litigation filed by Hersch, on September 24, 2019, the

FF Fund Debtor, through its general partner FF Management, retained the services of Soneet R. Kapila to act as the chief restructuring officer for the FF Fund Debtor (the "CRO").  Among other things, Mr. Kapila, as an independent CRO, was to take control over the FF Fund Debtor and its assets, and preserve and attempt to monetize the value of such assets.  On that same day, Mr. Kapila caused the FF Fund Debtor to file its chapter 11 bankruptcy proceedings herein.

26.     On Friday, April 23, 2021, the Securities and Exchange Commission (the "SEC") sued Mr. Franzone and FF Management alleging various counts of securities fraud and aiding and abetting securities fraud (Case No. 1:21-cv-03619, District Court, Southern District of New York) (the "Civil Action").[2]  In addition, on April 20, 2021, the United States of America filed a sealed complaint against Mr. Franzone alleging securities fraud and wire fraud (Case No. 21 MAG 4261, District Court, Southern District of New York) (the "Criminal Action").[3]

27.     On April 23, 2021, Mr. Franzone was arrested in connection with the Criminal Action and is awaiting trial.  Upon information and belief, the Civil Action is stayed pending the outcome of the Criminal Action.

**B.     The FF Fund Debtor Hinders, Delays and Defrauds its Creditors and Limited Partners.**

28.     As set forth above, Mr. Kapila's investigation revealed that the FF Fund Debtor did not actually own the membership interests in the F5 Debtor, but rather the F5 Debtor was owned directly or indirectly by Mr. Franzone from its inception.  Upon information and belief, prior to the Petition Date, the FF Fund Debtor, through Mr. Franzone, falsely told the outside administrator of the FF Fund Debtor that the F5 Debtor was wholly-owned by the FF Fund

---

[2] The Trustee incorporates by reference the allegations contained in the Civil Action and asserts them herein upon information and belief.
[3] The Trustee incorporates by reference the allegations contained in the Criminal Action and asserts them herein upon information and belief.

Debtor.  In addition, upon information and belief, the FF Fund Debtor made no disclosure to the FF Fund Debtor's Limited Partners that Mr. Franzone was the F5 Debtor's true owner.

29.     It was not until November 12, 2019 that Mr. Franzone, pursuant to a request from Mr. Kapila as CRO, transferred his 100% membership interest in the F5 Debtor to the FF Fund Debtor.  The FF Fund Debtor had no membership interest in the F5 Debtor until that time.

30.     Prior to the Petition Date, the FF Fund Debtor transferred in excess of $29.0 million to the F5 Debtor.  At the time of those transfers, the F5 Debtor was wholly owned by Mr. Franzone and not by the FF Fund Debtor. Thereafter, at Mr. Franzone's direction, the F5 Debtor used approximately $29.0 million of the funds from the FF Fund Debtor to procure and hold many of the illiquid investments described in the Disclosure Statement.

31.     Because the F5 Debtor was not owned by the FF Fund Debtor at the time of the above transfers to the F5 Debtor, such transfers could not have constituted a capital contribution by the FF Fund Debtor to the F5 Debtor.  Rather, such transfers necessarily gave rise to a debt or an obligation owed by the F5 Debtor to repay such monies to the FF Fund Debtor.

32.     In addition and as a result of the above transfers to the F5 Debtor, at all times relevant hereto, the FF Fund Debtor did not have a sufficient or reasonable level of capital to operate its business and importantly to meet the obligations that arose and were reasonably expected to arise, including under the Redemption Notices.  Still further, even if the FF Fund Debtor owned the equity interests in the F5 Debtor (which it did not), the fact that the F5 Debtor had invested a substantial portion of its cash (all acquired from the FF Fund Debtor) into illiquid investments meant that there was no reliable source of liquidity that could be available to the FF Fund Debtor to meet its obligations when they came due, including as a result of the Redemption Notices.  In fact, when the Redemption Notices were issued to the FF Fund Debtor in late 2018

and through 2019, they caused the FF Fund Debtor to commence a wind-down and to file the within chapter 11 bankruptcy.

33.     Immediately after the Petition Date, the CRO began the process of reconstructing the financial records for the FF Fund Debtor, including in respect of transfers to the Insider Defendants[4] and other related companies.  The CRO found that the FF Fund Debtor transferred a significant amount of money (i) to the F5 Debtor (then owned by Mr. Franzone) and used by the F5 Debtor to invest in risky illiquid investments as disclosed in the Disclosure Statement, (ii) to the Insider Defendants with no value received in return, (iii) to a number of third parties who purported to provide services to the FF Fund Debtor and/or the F5 Debtor, including Defendant Dimension, and/or (iv) directly and indirectly to Mr. Franzone and/or his related companies.

34.     Prior to the Petition Date, millions of dollars were transferred from the FF Fund Debtor to the Insider Defendants for no legitimate business purpose and for no value in return. Upon information and belief, such transfers were made to create the illusion of an operating and viable business enterprise, while substantial funds were being diverted by the Insider Defendants to pay, among other things, inflated management fees to entities controlled by Mr. Franzone, to allow Mr. Franzone to pursue his personal endeavors, including a car racing team.

35.     In the four years prior to the Petition Date, the FF Fund Debtor made transfers, to Defendant Dimension in the amount of $546,533.14.  Upon information and belief, Dimension may have provided very limited business consulting services, but the Trustee has not uncovered

---

[4] Simultaneously herewith, the Trustee is filing litigation against F1 GENERAL TRADING PARTNERS, L.P., a Delaware Limited Partnership, F3 REAL ESTATE PARTNERS, LLC, a Florida Limited Liability Company, F7 GROUP OPERATING PARTNERS, LLC, a Florida Limited Liability Company, FF FUND MANAGEMENT, LLC, a Florida Limited Liability Company, FF TRADING MANAGEMENT, LLC, a Delaware Limited Liability Company, FF RESERVE ACCOUNT, LLC f/k/a FARRELL FRANZONE RESERVE ACCOUNT, LLC, a Delaware Limited Liability Company and ANDREW T FRANZONE, LLC, a New York Limited Liability Company (collectively, the "Insider Defendants") seeking the recovery of millions of dollars in direct and indirect transfers from the FF Fund Debtor to the Insider Defendants (the "Insider Litigation").

any legitimate business purpose for the transfers. Upon information and belief, Dimension provided no discernable benefit to the FF Fund Debtor.

36. Upon information and belief, including as alleged in the SEC Action and the Criminal Action, the FF Fund Debtor substantially and artificially inflated the values of the various investments owned and controlled by the F5 Debtor, which in turn caused the capital account balances of the Limited Partners likewise to be artificially inflated. The inflated investment values and capital accounts enabled FF Management to charge the FF Fund Debtor excessive management fees, which excessive fees were transferred from the FF Fund Debtor to FF Management.

37. Under the Limited Partnership Agreement for the FF Fund Debtor, FF Management, as the general partner, was entitled to receive an annual management fee of between 2% to 3% of the Limited Partners' capital account balances. The 2014 PPM of the FF Fund Debtor also provided that FF Management was entitled to receive an annual performance fee of 20% of the profits shown in the Limited Partners' capital account balances. Prior to the Petition Date, the FF Fund Debtor transferred over $3.7 million in management fees and approximately $3.3 million in performance fees to FF Management. Those fees, however, were excessive and inflated because they were based on artificially inflated values of the investments and Limited Partner capital accounts. The transfers of excessive management fees to FF Management were done with the actual intent of the FF Fund Debtor to hinder, delay and/or defraud its creditors and Limited Partners.

38. Prior to the Petition Date, the FF Fund Debtor engaged the services of RSM McGladrey ("RSM") ostensibly for the purpose of preparing audited financial statements for the FF Fund Debtor. However, the only auditors' report that was issued was for 2014 and that was

not issued until March 2018.  No other audits were ever prepared.  Upon information and belief,

the FF Fund Debtor used the engagement of RSM and the continued promise of audited financial

statements to delay the discovery of inflated investment values and conceal the transfers of

millions of dollars to the Insider Defendants.

> **C.**     **Direct Transfers from the FF Fund to Dimension**
>
> > a.     **The Direct Fraudulent Transfers.**

39.     During the two years prior to the Petition Date, the FF Fund Debtor transferred

$243,345.46 to Defendant Dimension (collectively, the "Dimension Two Year Transfers").  A

schedule detailing the Dimension Two Year Transfers is annexed hereto as **Exhibit "A."**

40.     During the four years prior to the Petition Date, the FF Fund Debtor transferred

$546,533.14 to Defendant Dimension (collectively, the "Dimension Four Year Transfers").  A

schedule detailing the Dimension Four Year Transfers is annexed hereto as **Exhibit "A."**

**COUNT I**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 548(a)(1)(A) AND/OR 548(a)(1)(B) OF THE**
**BANKRUPTCY CODE**

*(Against Dimension Capital Management LLC)*

41.     Plaintiff re-states and re-alleges paragraphs 1 through 40, as if fully set forth

herein.

42.     Pursuant to 11 U.S.C. §548(a)(1)(A), 548(a)(1)(B) and 11 U.S.C. §550, a trustee

may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the

debtor, that was made or incurred on or within 2 years (under Section 548 of the Bankruptcy

Code) before the date of the filing of the petition if the debtor voluntarily or involuntarily –

> (A) made such transfer or incurred such obligation with actual
> intent to hinder, delay, or defraud any entity to which the debtor

was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)    (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

        (ii)    (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

            (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

            (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured

43.     Pursuant to the Second Amended Plans and the Confirmation Order, the Trustee has been right and power to prosecute the claims and causes of action contained herein.

44.     Pursuant to 11 U.S.C. §550, in a fraudulent transfer action commenced under Section 548 of the Bankruptcy Code, the trustee may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; and (2) any immediate or mediate transferee of such initial transferee, i.e., any and all subsequent transferees.

45.     The Dimension Two Year Transfers each occurred within two (2) years of the Petition Date and constituted transfers of an interest in property of the FF Fund Debtor as set forth herein and are avoidable under 11 U.S.C. §548(a)(1)(A) as actual intent fraudulent transfers and/or 11 U.S.C. §548(a)(1)(B) as constructive fraudulent transfers.

46.     Dimension was the initial transferee or the entity for whose benefit the Dimension Two Year Transfers were made, and as a result, the Trustee is entitled to avoid and recover the Dimension Two Year Transfers from Dimension under 11 U.S.C. §§548(a)(1)(A),

and 550 as actual intent fraudulent transfers and/or 11 U.S.C. §§548(a)(1)(B) and 550 as constructive fraudulent transfers.

47.    As set forth herein, each of the Dimension Two Year Transfers was made by the FF Fund Debtor with the actual intent to hinder and delay, and to continue to hinder and delay, its creditors and Limited Partners.

48.    Moreover, each of the following "badges of fraud" established by the Eleventh Circuit Court of Appeals in *In re XYZ Options, Inc.*, 154 F.3d 1262 (11th Cir. 1998) exists in the present case and establishes that the FF Fund Debtor had the actual intent to hinder and/or delay its creditors and Limited Partners in connection with the Dimension Two Year Transfers:

> a.    The transfer was disclosed or concealed.   The Dimension Two Year Transfers were not disclosed to the creditors or Limited Partners of the FF Fund Debtor.
>
> b.    The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred.  The FF Fund Debtor did not receive any value, including reasonably equivalent value, in exchange for the Dimension Two Year Transfers.
>
> c.    The debtor had an unreasonably small capital for its business.  The FF Fund Debtor was engaged in business or was about to engage in business for which any property remaining with the FF Fund Debtor was an unreasonably small capital at the time the Dimension Two Year Transfers were made.

49.    The FF Fund Debtor did not receive reasonably equivalent value in exchange for the Dimension Two Year Transfers.

50.    At the time of the Dimension Two Year Transfers, the FF Fund Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the FF Fund Debtor were unreasonably small in relation to the business or transaction.

51.     As set forth in the docket and proofs of claim filed in this Bankruptcy Cases, there was at all relevant times an unsecured creditor with standing to avoid the Dimension Two Year Transfers.

52.     As a result, pursuant to 11 U.S.C. §550(a), the Trustee is entitled to avoid and recover the Dimension Two Year Transfers or the value thereof for the benefit of the FF Fund Debtor's estate from Defendant Dimension under 11 U.S.C. §548(a)(1)(A) as actual intent fraudulent transfers and/or 11 U.S.C. §548(a)(1)(B) as constructive fraudulent transfers.

53.     Therefore, in accordance with 11 U.S.C. §550(a), the recovery of the Dimension Two Year Transfers or the value thereof for the benefit of the FF Fund Debtor's estate is authorized to the extent that the Dimension Two Year Transfers are avoided under 11 U.S.C. §548(a)(1)(A) and/or 11 U.S.C. §548(a)(1)(B).

**WHEREFORE**, Plaintiff, Soneet R. Kapila, as Trustee, demands judgment against Defendant, Dimension (a) determining that each of the Dimension Two Year Transfers is fraudulent and avoidable under 11 U.S.C. §548(a)(1)(A) as actual intent fraudulent transfers and/or 11 U.S.C. §548(a)(1)(B) as constructive fraudulent transfers; (b) avoiding each of the Dimension Two Year Transfers and entering judgment in favor of Plaintiff against Defendant Dimension in the aggregate amount of the Dimension Two Year Transfers or in such amounts as are determined at trial, plus pre-judgment interest from the date of the Dimension Two Year Transfers and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. §550; (c) disallowing any claim that Defendant Dimension may have against the FF Fund Debtor's estate, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (d) for such other and further relief as the Court deems just and proper.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. §544 AND FLA. STAT. §§726.105(1)(a), 726.108 AND 726.109

### *(Against Dimension Capital Management LLC)*

54.     The Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

55.     Pursuant to 11 U.S.C.  §544(b)(1), the "trustee may avoid any transfer of an interest of the debtor in property … that is voidable under applicable law by a creditor holding an unsecured claim…. "

56.     The Plaintiff sues Dimension to avoid and recover avoidable transfers pursuant to Chapter 726, *et. seq*., Florida Statutes, the Dimension Four Year Transfers.

57.     Section 726.105(1)(a), Florida Statutes, provides:

(1)   A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

    (a)  With actual intent to hinder, delay, or defraud any creditor of the debtor.

58.     Further, under Chapter 726 of the Florida Statutes, the Plaintiff may recover, for the benefit of the estate, the value of the property transferred, from – (1) the first transferee of such transfer or the entity for whose benefit such transfer was made; and (2) any subsequent transferee of such first transferee.  Dimension was the initial transferee of the Dimension Four Year Transfers.

59.     As set forth herein, each of the Dimension Four Year Transfers was made by the FF Fund Debtor with the actual intent to hinder and delay, and to continue to hinder and delay, its creditors and Limited Partners.

60.     Moreover, each of the following "badges of fraud" established by the Eleventh Circuit Court of Appeals in *In re XYZ Options, Inc.*, 154 F.3d 1262 (11th Cir. 1998) exists in the present case and establishes that the FF Fund Debtor had the actual intent to hinder and/or delay its creditors and Limited Partners in connection with the Dimension Four Year Transfers:

     a.   The transfer was disclosed or concealed.  The Dimension Four Year Transfers were not disclosed to the creditors or Limited Partners.

     b.   The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred.  The FF Fund Debtor did not receive any value, including reasonably equivalent value, in exchange for the Dimension Four Year Transfers.

     c.   The debtor had an unreasonably small capital for its business.  The FF Fund Debtor was engaged in business or was about to engage in business for which any property remaining with the FF Fund Debtor was an unreasonably small capital at the time the Dimension Four Year Transfers were made.

61.     The Dimension Four Year Transfers occurred within four years before the Petition Date.  This action is being brought within the 2 year period provided for in 11 U.S.C. §§108 and 546 and as such is timely as to the Dimension Four Year Transfers.

62.     As set forth in the proofs of claim filed in this Bankruptcy Case, there was at all relevant times an unsecured creditor with standing to avoid the Dimension Four Year Transfers.

63.     The Dimension Four Year Transfers are avoidable under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statues.

64.     As a result of the Dimension Four Year Transfers, the FF Fund Debtor has been damaged and pursuant to Fla. Stat., §§726.105(1)(a), 726.108 and 726.109, may avoid and recover the total value of such Dimension Four Year Transfers from Dimension.

**WHEREFORE**, Plaintiff, Soneet R. Kapila, as Trustee, demands judgment against Defendant, Dimension (a) determining that each of the Dimension Four Year Transfers is

15

fraudulent and avoidable under 11 U.S.C. §544 and Section 726.105(1)(a) of the Florida Statues;

(b) avoiding each of the Dimension Four Year Transfers and entering judgment in favor of

Plaintiff against Defendant Dimension in the aggregate amount of the Dimension Four Year

Transfers or in such amounts as are determined at trial, plus pre-judgment interest from the date

of the Dimension Four Year Transfers and post-judgment interest, and costs of suit, all pursuant

to 11 U.S.C. §550; (c) disallowing any claim that Defendant Dimension may have against the FF

Fund Debtor's estate, including without limitation, pursuant to and as provided in 11 U.S.C.

§502(d); and (d) for such other and further relief as the Court deems just and proper.

## COUNT III
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. §544 AND FLA. STAT. §§726.105(1)(b),
### 726.108 AND 726.109

*(Against Dimension Capital Management LLC)*

65.    The Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

66.    Pursuant to 11 U.S.C.  §544(b)(1), the "trustee may avoid any transfer of an

interest of the debtor in property … that is voidable under applicable law by a creditor holding an

unsecured claim…. "

67.    The Plaintiff sues Dimension to avoid and recover avoidable transfers pursuant to

Chapter 726, *et. seq*., Florida Statutes, namely the Dimension Four Year Transfers.

68.    Section 726.105(1)(b), Florida Statutes, provides:

> (1)    A transfer made or obligation incurred by a debtor is fraudulent as
> to a creditor, whether the creditor's claim arose before or after the transfer was
> made or the obligation was incurred, if the debtor made the transfer or incurred
> the obligation:
>
> * * *
>
> (b) without receiving reasonably equivalent value in exchange for the
> transfer or obligation, and the debtor:

(1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

69.     Further, under Chapter 726 of the Florida Statutes, the Plaintiff may recover, for the benefit of the estate, the value of the property transferred, from – (1) the first transferee of such transfer or the entity for whose benefit such transfer was made; and (2) any subsequent transferee of such first transferee.  Dimension was the initial transferee of or for whose benefit the Dimension Four Year Transfers were made.

70.     The Dimension Four Year Transfers constituted a transfer made by the FF Fund Debtor for which the FF Fund Debtor did not receive reasonably equivalent value in exchange for the same.

71.     At the time of the Dimension Four Year Transfers, the FF Fund Debtor had creditors holding unsecured claims and was engaged or was about to engage in a business or a transaction for which the remaining assets of the FF Fund Debtor were unreasonably small in relation to the business or transaction.

72.     The Dimension Four Year Transfers are avoidable under Section 544 of the Bankruptcy Code and Section 726.105(1)(b) of the Florida Statues to the extent they were made within four years of the Petition Date.

73.     As set forth in the docket and proofs of claim filed in this Bankruptcy Case, there was at all relevant times an unsecured creditor with standing to avoid the Dimension Four Year Transfers.

74.    As a result of the Dimension Four Year Transfers, the FF Fund Debtor has been damaged and pursuant to Fla. Stat., §§726.105(1)(b), 726.108 and 726.109, may avoid and recover the total value of such Dimension Four Year Transfers from Dimension.

**WHEREFORE**, Plaintiff, Soneet R. Kapila, as Trustee, demands judgment against Defendant, Dimension (a) determining that each of the Dimension Four Year Transfers that were made within four years of the Petition Date is fraudulent and avoidable under 11 U.S.C. §544 and Section 726.105(1)(b) of the Florida Statues; (b) avoiding each of such Dimension Four Year Transfers and entering judgment in favor of Plaintiff against Defendant Dimension in the aggregate amount of such Dimension Four Year Transfers or in such amounts as are determined at trial, plus pre-judgment interest from the date of such Dimension Four Year Transfers and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. §550; (c) disallowing any claim that Defendant Dimension may have against the FF Fund Debtor's estate, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (d) for such other and further relief as the Court deems just and proper.

## Reservation of Rights

75.    The Trustee reserves his right to amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against the Defendant as may be warranted under the circumstances allowed by law.

Respectfully submitted this 16th day of January, 2023.

                               **VENABLE LLP**

*Attorneys for Soneet R. Kapila, Liquidating Trustee*
*of the FF Fund Liquidating Trust*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:    /s/*Heather L. Harmon*
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pjbattista@venable.com
        Heather L. Harmon, Esq.
        Florida Bar No. 013192
        hlharmon@venable.com

| Bank ID # | Sub | Statement Clearing Date | Alpha Sort I | Checks / Debits | |
|---|---|---|---|---|---|
| Fidelity-1183 | FF | 04/20/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 05/24/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 06/20/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 07/20/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 08/19/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 09/20/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 10/20/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 11/18/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 12/21/16 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 16,300.00 |
| Fidelity-1183 | FF | 04/07/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 18,503.43 |
| Fidelity-1183 | FF | 04/07/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 58,511.79 |
| Fidelity-1183 | FF | 05/23/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 19,876.82 |
| Fidelity-1183 | FF | 06/27/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 19,823.96 |
| Fidelity-1183 | FF | 07/21/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 19,888.31 |
| Fidelity-1183 | FF | 09/01/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 4 yr | 19,883.37 |
| Fidelity-1183 | FF | 12/28/17 | FF- Advisor Fees (Dimension Capital Mgmt, I | 2 yr, 4yr | 138,678.78 |
| Fidelity-1183 | FF | 10/15/18 | FF- Advisor Fees (Dimension Capital Mgmt, I | 2 yr, 4yr | 104,666.68 |
| | | | | $ | 546,533.14 |